IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOMBARDIER, INC. | § | |
| | § | |
| *vs*. | § | C. A. NO. 5:19 – CV – 914 |
| | § | |
| CHRISTINA B. LOPEZ, *etc*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Bombardier, Inc. files this Original Complaint against Defendant Christina B. Lopez, as the personal representative of the Estate of Celestino Moses Montoya, a deceased individual, and respectfully will prove by a preponderance of the credible evidence:

1.  Plaintiff seeks to recover monetary damages for the in–transit physical damage and loss to a shipment of airplane parts (the "cargo") loaded in a single trailer and to have been carried over the road safely in August 2017 from Queretaro, Mexico to Quebec, Canada.

2.  At all times material, Plaintiff owned the cargo and brings this action for itself and/or as agent and/or trustee for each person or entity, including every subrogated insurer, that is or becomes interested in the cargo.

3.  The Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) because

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district where Defendant resides, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Plaintiff is a corporation organized under law in Canada with its principal place of business in Quebec, Canada.

6. On information and belief, Defendant is an individual with her residence and domicile in Bexar County, Texas.

7. On information and belief, Defendant is the personal representative of the Estate of Celestino Moses Montoya ("Montoya"), an individual who died on August 3, 2017 as a direct result of bodily injuries sustained in the vehicular collision made the basis of this action.

8. On information and belief, Defendant can be served with process at her residence at 11575 Fowler Road, Atascosa, Bexar County, Texas 78002.

9. At all times material, Montoya was an individual who, before his death, on information and belief, had his residence and domicile in Bexar County, Texas.

10. On information and belief, at all times material, Montoya did business in Texas as an interstate Motor Property Contract Carrier and/or Common Carrier so authorized by the Federal Motor Carrier Safety Administration under the DBA Name, "CMontoya Trucking," with USDOT No. 1939470 and Docket No. MC762239.

11. On or about August 1, 2017 at Queretaro, Plaintiff's consignor tendered the cargo to an authorized and agreed motor carrier who received and loaded it in good order and condition into a single trailer and, on information and belief, then issued and/or signed one or more bills of lading and/or receipts, each free of exceptions or notations for loss or damage, acknowledging the cargo's shipment in apparent good order and condition.

12. Thereafter, that authorized and agreed motor carrier carried the cargo to Laredo, Texas where it arrived in the same good order and condition as when tendered for shipment at Queretaro.

13. Thereafter, on or about August 2, 2017 at Laredo, the cargo was tendered into the custody of another authorized and agreed motor carrier, Sunrise Freight Systems Inc. ("Sunrise") whose driver, on information and belief, issued and/signed one or more bills of lading and/or receipts, each free of exceptions or notations for loss or damage, acknowledging the cargo's shipment at Laredo in apparent good order and condition.

14. Thereafter, at or about 5:45 p.m. on August 3, 2017 and while the driver operating the Sunrise tractor was stopped temporarily by traffic in the northbound, right–hand lane of I–35 approximately five miles south of Pearsall, Texas, in Frio County, Montoya suddenly and recklessly allowed the tractor he then was operating at a high rate of speed to collide with the rear of the trailer being towed by the Sunrise tractor.

15. The collision's impact severely damaged the Sunrise tractor, carrying trailer and Plaintiff's cargo.

16. As a proximate result of the collision, the cargo no longer was in the same good order and condition as when received for carriage but, was so significantly bent, dented, nicked, gouged, smashed, crushed, loose, mixed, compressed, smashed, deformed and otherwise physically damaged, to be no longer fit for its reasonably intended uses and, consequently, a total loss.

17. There is no indication that, immediately before the collision, Montoya had attempted to slow the vehicle he was operating or take any evasive action to avoid the collision.

18. On information and belief, at the time of the collision, Montoya was acting within the course and scope of his employment for CMontoya Trucking.

19. On information and belief, the collision, cargo loss and Plaintiff's injury and damages proximately resulted from Montoya's acts and/or omissions constituting negligence and/or negligence *per se* including, but not limited to:

   (a) As an operator of a vehicle following another vehicle, failing or refusing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator could safely stop without colliding with the preceding vehicle, in violation of § 545.062(a) of the Texas Transportation Code.

   (b) As an operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle, failing or refusing, if conditions permit, to leave sufficient space between the vehicles so that a vehicle

passing the operator could safely enter and occupy the space, in violation of § 545.062(b) of the Texas Transportation Code.

(c) As an operator of a vehicle, driving at a speed greater than was reasonable and prudent under the circumstances then existing, in violation of § 545.351(a) of the Texas Transportation Code.

(d) As an operator of a vehicle, driving at a speed greater than was reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, in violation of § 545.351(b)(1) of the Texas Transportation Code.

(e) As an operator of a vehicle, failing to control the speed of the vehicle as necessary to avoid colliding with another vehicle that was on the highway in compliance with law and the duty of each person to use due care, in violation of § 545.351(b)(2) of the Texas Transportation Code.

(f) As an operator of a vehicle, failing to drive at an appropriate reduced speed if a special hazard exists with regard to traffic, including highway conditions, in violation of § 545.351(c)(5) of the Texas Transportation Code.

(g) Driving a vehicle in wilful or wanton disregard for the safety of persons or property, in violation of § 545.401(a) of the Texas Transportation Code.

(h) Failing to maintain the lookout that an operator of a vehicle of ordinary prudence would have maintained under the same or similar circumstances.

(i) Failing to maintain a proper lookout while operating a vehicle on the highway.

(j) Failing to operate a vehicle with consideration for the prevailing traffic conditions.

(k) Failing to maintain reasonable and proper control of the vehicle that he was operating.

(l) Failing timely and properly to apply the brakes of the vehicle he was operating.

(m) Failing or refusing reasonably to operate his vehicle safely.

(n) Failing or refusing reasonably to take evasive action to avoid the collision.

(o) Failing or refusing reasonably to exercise caution.

(p) Driving a vehicle while drowsy, distracted, overtired, inattentive to the prevailing traffic conditions and/or otherwise impaired

20. Alternatively, and without waiving the foregoing, the collision, cargo loss and Plaintiff's injury and damages proximately resulted from Montoya's acts and/or omissions constituting negligence as owner of the tractor and trailer he was operating at the time of the collision. On information and belief, at the time of the collision, Montoya owned and solely was responsible for maintaining the tractor and trailer that he then operated. On information and belief, at the time of the collision, Montoya knew or, in the exercise of reasonable care, reasonably should have discovered and/or known that each of the tractor and trailer was not properly maintained, roadworthy and/or, by its mechanical condition, able to be driven in a reasonably safe manner, but would

create an unreasonable risk of danger to persons and property on the public streets, roadways and/or highways of Texas. On information and belief, Montoya's failure or refusal properly to maintain the tractor and trailer before the collision constituted negligence and proximately caused the collision, cargo loss and Plaintiff's resulting injury and damages.

21.     Plaintiff cannot more specifically allege Montoya's acts and/or omissions constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Montoya's control.

22.     At no time did Plaintiff's conduct cause or contribute to cause the collision, cargo loss or Plaintiff's resulting injury and damages.

23.     At no time did the conduct of Sunrise or its driver operating Sunrise's tractor cause or contribute to cause the collision, cargo loss or Plaintiff's resulting injury and damages.

24.     All conditions precedent have been performed or have occurred for Plaintiff to bring this suit and demand payment by Defendant of all damages.

25.     Plaintiff legally is entitled to recover from Defendant the amount of the cargo's actual loss. The sum of $351,702.76, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the cargo's actual loss proximately resulting from Montoya's act(s) and/or omission(s), for which Defendant is liable.

26. Defendant timely received written claim notice and/or demand for reimbursement of Plaintiff's damages.

27. To date, Defendant has failed or refused to pay Plaintiff any amount for its injury and damages.

28. Plaintiff legally also is entitled to recover interest on its damages dating from August 3, 2017, post–judgment interest and court costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bombardier, Inc. respectfully prays that this Honorable Court adjudge that Defendant, Christina B. Lopez, as the personal representative of the Estate of Celestino Moses Montoya, is liable to Plaintiff for its alleged damages, pre–judgment interest, court costs, post–judgment interest and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
5535 Memorial Drive, No. F570
Houston, Texas 77007
Telephone:      (713) 864–2221
Facsimile:       (713) 864–2228
Email:    macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                                    ATTORNEYS   FOR   PLAINTIFF